Filed 4/9/25  P. v. Garcia CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063966 |
| v. | (Super. Ct. No. 99CF1991) |
| JOSE LUIS GARCIA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Sheila F. Hanson, Judge. Affirmed.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent Jose Luis Garcia on appeal from the denial of his petition under Penal Code section 1172.6.[1] Counsel filed a brief that set forth the facts of the case. Counsel did not argue against her client but advised the court she found no issues to argue on his behalf.

The procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738, do not apply to appeals from the denial of section 1172.6 petitions. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226, 227, 231.) Therefore, when appointed appellate counsel finds no viable issues, counsel must file a brief informing the court that counsel found no arguable issues and include a concise narration of facts. (*Id.* at p. 231.) The reviewing court must send the brief to the defendant with notice the defendant may file a supplemental brief or letter within 30 days. (*Id.* at pp. 231–232.)

Garcia did not file a supplemental brief. We have independently reviewed the record and found no arguable issues on appeal. (*People v. Delgadillo, supra*, 14 Cal.5th at p. 232.) We affirm the postjudgment order.

FACTS

A complete recitation of the facts can be found in our prior nonpublished opinion, *People v. Garcia* (Feb. 19, 2003, G028942). The sole issue in this appeal is whether the trial court erred when it found Garcia ineligible for resentencing under section 1172.6. We include here only the facts relevant to the limited issue on appeal.

---

[1] Effective June 30, 2022, the Legislature renumbered Penal Code former section 1170.95 to section 1172.6 without substantive change. (Stats 2022, ch. 58, §10.) For clarity, we refer to the statute as section 1172.6 throughout the opinion. All further statutory references are to the Penal Code.

A jury convicted Garcia of five counts of attempted willful, deliberate, and premeditated murder, among other offenses. The trial court provided the jury a set of standard instructions, which included CALJIC No. 8.67 (attempted murder—willful, deliberate, and premeditated). Under those instructions, to convict Garcia of the relevant counts, the jury was required to find that he had acted with the intent to kill. The court did not instruct the jury on the natural and probable consequences doctrine or any other theory of imputed malice. Following the jury's verdict, the court sentenced Garcia to a total of 119 years to life in prison.

In 2023, Garcia filed a petition for resentencing under section 1172.6. The trial court appointed counsel for Garcia, and the prosecution filed a response to the petition. The court conducted a prima facie hearing and denied the petition, finding Garcia had not established a prima facie case of eligibility because "the jury was never instructed on any theory that is no longer legally viable." Garcia appealed.

DISCUSSION

Senate Bill No. 1437 (2017–2018 Reg. Sess.) (SB 1437) (Stats. 2018, ch. 1015) amended sections 188 and 189, effective January 1, 2019, to eliminate natural and probable consequences liability for murder and to limit the scope of the felony murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957, 959 (*Lewis*).) Under sections 188 and 189, as amended, murder liability can no longer be "imposed on a person who [was] not the actual killer, did not act with the intent to kill," and "was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *Lewis, supra,* 11 Cal.5th at p. 959.) SB 1437 also added section 1172.6, which, as originally enacted, set forth a procedure

3

whereby a "person convicted of felony murder or murder under a natural and probable consequences theory" could petition for resentencing relief. (Stats. 2018, ch. 1015, § 4; former § 1172.6, subd. (a).)

Senate Bill No. 775 (2021–2022 Reg. Sess.), effective January 1, 2022, amended section 1172.6, subdivision (a), to expand the category of individuals entitled to petition for resentencing. (Stats. 2021, ch. 551, § 1, subd. (a).) Subdivision (a) of section 1172.6 now expressly permits individuals convicted of attempted murder or manslaughter under a now-invalid theory to file a petition for resentencing relief. A section 1172.6 petition must make "'a prima facie showing' for relief. [Citation.]" (*Lewis, supra,* 11 Cal.5th at p. 960.) In *Lewis,* our Supreme Court held, "The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Id.* at p. 971.) To be eligible for relief under section 1172.6, the petitioner must make a prima facie showing that he or she "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).)

Here, the trial court correctly denied Garcia's petition because the record revealed he was not convicted on a theory of attempted murder that was invalidated by SB 1437's amendments to sections 188 and 189. He could not have been convicted under the natural and probable consequences doctrine or any other theory of imputed malice for the simple reason that the jury was not instructed on such theories.

4

## DISPOSITION

The postjudgment order is affirmed.


O'LEARY, P. J.

WE CONCUR:


MOORE, J.


SCOTT, J.